# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 24, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**MARY A. DEPTO,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0001**  (BOR Appeal Nos. 2045742 and 2045997)
                          (Claim No. 2000032625)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**REYNOLDS MEMORIAL HOSPITAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary A. Depto, by Sue Anne Howard, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Gary M. Mazezka, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 1, 2011, in which the Board reversed a February 22, 2011, and a May 2, 2011, Order of the Workers' Compensation Office of Judges. In its February 22, 2011, Order, the Office of Judges reversed the claims administrator's April 15, 2010, decision which denied Ms. Depto authorization for the following treatments: electromyogram (EMG) and nerve conduction (NCV) studies of bilateral lower extremities; MRI of lumbar spine, transforaminal epidural steroid injections of the left lumbar spine, and Opana 5 milligrams; and which refused to add lower extremity radiculopathy and bilateral rotator cuff syndrome as compensable conditions of the claim. In its May 2, 2011, Order, the Office of Judges reversed the claims administrator's November 16, 2010, decision which denied authorization for transforaminal epidural injections for Ms. Depto's lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is so clearly wrong based on the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Depto worked as a licensed practical nurse at Reynolds Memorial Hospital. On November 7, 1999, Ms. Depto injured her left shoulder, low back, and neck while trying to catch an obese patient who was falling. Her claim was held compensable for a sprain of the neck, sprain of the back, sprain of the shoulder, displaced lumbar intervertebral disc, and major depressive disorder. She received various treatments and services on this claim, including three surgeries of the left shoulder and a surgery of the right shoulder, which had been injured during physical therapy. Despite these treatments, Ms. Depto had persistent pain. In order to treat her continuing symptoms, Dr. Lamperski requested EMG/NCV testing, a lumbar spine MRI, transforaminal steroid injections, and Opana 5 milligrams. He also requested that the claims administrator add the diagnoses of lower extremity radiculopathy and bilateral rotator cuff syndrome as compensable conditions of the claim.

On April 15, 2010, the claims administrator denied authorization for the requested treatments and denied the addition of the requested diagnoses as compensable conditions of the claim. On November 16, 2010, the claims administrator denied a request from Dr. LoDico for transforminal epidural steroid injections. Both denials were based on an independent medical evaluation of Dr. Jin, who believed that Ms. Depto's chronic complaints of lower back pain were more likely the result of pre-existing degenerative lumbar disc disease and Ms. Depto's shoulder pain was more likely the result of progressive degenerative arthritis. On February 22, 2011, the Office of Judges reversed the claims administrator's April 15, 2010, decision, granting Ms. Depto's request for an MRI, steroid injections, and Opana. The Office of Judges also added the two requested diagnoses as conditions of the claim. On May 2, 2011, the Office of Judges reversed the November 16, 2010, claims administrator's decision and again authorized transforaminal epidural steroid injections for Ms. Depto's lumbar spine. The Office of Judges then clarified its February 22, 2011, Order, on May 3, 2011, to include authorization for EMG/NCV studies. But the Board of Review reversed both the February 22, 2011, and May 2, 2011, Orders of the Office of Judges on December 1, 2011, and reinstated the April 15, 2010, and November 16, 2010, decisions of the claims administrator, leading Ms. Depto to appeal.

In its February 22, 2011, Order, the Office of Judges concluded that Ms. Depto was entitled to the requested treatments and to the addition of the lower extremity radiculopathy and bilateral rotator cuff syndrome as compensable conditions of the claim. The Office of Judges found that there was no credible evidence that the requested treatment and additional conditions were attributable to anything other than Ms. Depto's November 7, 1999, injury. The Office of Judges found evidence of radicular symptoms early on in the record. This evidence was supported by electrodiagnostic testing and demonstrated that lower extremity radiculopathy

2

should be added as a compensable condition of the claim. The Office of Judges also found that Ms. Depto had three prior left shoulder surgeries and one prior right shoulder surgery which supported the additional diagnosis of bilateral rotator cuff syndrome.

In its May 2, 2011, Order, the Office of Judges concluded that Ms. Depto was entitled to the requested transforaminal epidural steroid injections for her lumbar spine. The Office of Judges found that the requested treatment reasonably related to Ms. Depto's compensable conditions. The Office of Judges found that the Office of Insurance Commissioner did not submit any evidence that refuted Dr. LoDico's request for epidural steroid injections.

In both Orders the Office of Judges considered the independent medical evaluation of Dr. Jin. The Office of Judges attributed little weight to the report finding that there was no evidence that Ms. Depto suffered from a degenerative condition prior to the November 7, 1999, injury. The Office of Judges found that Dr. Jin's opinion contradicted Ms. Depto's long history of approved treatment. The Office of Judges also found that Ms. Depto's shoulder, cervical, and lumbar injuries were already compensable conditions of the claim.

The Board of Review reversed both Orders of the Office of Judges. The Board of Review reinstated the claims administrator's denials of authorization for treatment and rejection of the additional compensable diagnoses. The Board of Review relied on the report of Dr. Jin and also found evidence in the record of pre-existing degenerative disc disease. The Board of Review pointed to an MRI, pre-dating the compensable injury, which evidenced mild joint arthropathy. The Board of Review also found evidence that Ms. Depto had developed degenerative disc disease by early 2000. The Board of Review concluded that Ms. Depto's current symptoms and need for treatment were not related to her compensable injury. The Board of Review also concluded that bilateral rotator cuff syndrome and lower extremity radiculopathy were not causally linked to her compensable injury.

The Order of the Board of Review is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. West Virginia Code § 23-5-15(d) (2005). Ms. Depto's claim has previously been held compensable for injuries to her shoulder, cervical spine, and lumbar spine. There is sufficient evidence in the record that the diagnoses of lower extremity radiculopathy and bilateral rotator cuff syndrome were causally linked to her compensable injury. The treatment requests of Dr. Lamperski and Dr. LoDico provide adequate justification for each diagnostic service and medication. Each treatment is reasonably and necessarily related to Ms. Depto's compensable conditions. Finally the report of Dr. Jin is the only evidence in the record that related Ms. Depto's symptoms to a non-compensable condition. The report is not sufficient to rebut the entire weight of the evidence.

For the foregoing reasons, we find that the decision of the Board of Review is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is reversed and remanded

with instructions to reinstate the Office of Judges' February 22, 2011, Order, the May 3, 2011, clarifying Order, and the May 2, 2011, Order.

Reversed and remanded.

**ISSUED:   October 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4